IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOYLE WHENRY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. No. 2:14-cv-667 |
| ) | |
| BOARD OF COMMISIONERS, et al., ) | Judge Maurice B. Cohill |
| ) | |
| Defendants. ) | |

## OPINION

Pending before the Court is a Motion to Dismiss for Lack of Jurisdiction pursuant to Rule 12 of the Federal Rules of Civil Procedure or in the Alternative Motion to Stay Proceedings [ECF No. 12] filed by the Board of Commissioners of Mercer County ("Defendants").

On May 22, 2014 Plaintiffs, fifty-seven (57) individuals, joined later by nine more individuals who consented to opt in (collectively referred to as "Plaintiffs"), filed a Complaint in Civil Action [ECF No. 1] under the Fair Labor Standards Act ("FLSA") for unpaid wages for mandatory on-the-job time prior to roll call. Plaintiffs are all employed, or were formerly employed, as corrections officers by Defendants [ECF No. 1 at 8]. The Complaint alleges at Count I, a Violation of Section 7(k) of the FLSA (29 C.F.R. § 553.221) and at Count II, Retaliation under the FLSA at 29 U.S.C. § 215(3) [ECF No. 1]. Plaintiffs seek judgment against Defendants for (a) those sums that may be found to be due and owing to Plaintiffs; (b) for an amount equal as liquidated damages; (c) for interest thereon; (d) for reasonable attorneys' fees; (e) for costs of the suit; and (f) for such other and further relief as the Court may deem proper and just [ECF No. 1 at 10].

On July 21, 2014, Defendants filed their Motion to Dismiss or in the Alternative to Stay

the Proceedings and a supporting Brief [ECF Nos. 12 and 13], alleging that Plaintiffs' claims are covered under a Collective Bargaining Agreement ("CBA") and that they failed to exhaust the mandatory administrative remedies as stipulated in the CBA [ECF No. 13 at 5]. Therefore, they argue the lawsuit should be dismissed for lack of subject matter jurisdiction. In the alternative the Defendants request that the case be stayed until administrative remedies are exhausted. Defendants also allege that the retaliation claim has no merit because there was no actual retaliation only an alleged threat of retaliation [ECF No. 13 at 16].

On August 13, 2014, Plaintiffs filed their Brief in Opposition to the Motion to Dismiss [ECF No. 19] stating that their claims fall out of the purview of the CBA because the CBA terms are contrary to federal law. Therefore, they are not required to adhere to the administrative remedies as set forth in the CBA. Furthermore, Plaintiffs allege that an arbitrator does not have the authority to enforce federal law such as the FLSA [ECF No. 18 at 3]. Plaintiffs also assert that the statements made by Defendants' attorney, which they claim to be retaliatory, could have dissuaded Plaintiffs from bringing suit and, therefore, the statements may be considered retaliatory under the law. For the reasons set forth below, Defendants' Motion to Dismiss will be denied.

## I. Standard of Review.

In ruling on a Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction, a court must dismiss the case if it determines at any time that it lacks subject-matter jurisdiction. See Fed. R. Civ. Pro. 12(h)(3). The procedure under a motion to dismiss for lack of subject matter jurisdiction necessitates a crucial distinction between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction

in fact, apart from the pleadings. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "The facial attack [offers] safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could." Id. at 891.

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist

Id.

"The relevant question . . . in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" Rodriguez-Reyes v. Molina-Rodriguez, 711 F3d 49, 55 (1st Cir. 2013)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 n. 14 (1955)).

## II. Relevant Facts.

Plaintiffs were represented by Teamsters Local 250 for collective bargaining and are covered by a Collective Bargaining Agreement effective January 1, 2009 through December 31, 2012 [See CBA as Exhibit 1 to Complaint at ECF No. 1]. Though expired, it is undisputed that the parties continue to operate under the terms of this CBA. The CBA provides, "A daily mandatory roll call will be implemented and all employees are to report ten (10) minutes before their actual shift begins. This time will not be paid time and will not be used in the calculation of

3

overtime." [ECF No. 1 at Ex. 1, CBA Art VII].

The CBA between the parties establishes a mandatory grievance and arbitration procedure.

> Should differences arise between the Employer and the Union as to the interpretation or application or compliance with the provisions of this Agreement, or as to any question relating to the wages, hours of work or other conditions of employment . . . an earnest effort shall be made to settle such differences immediately, in the following manner and order of priority:

If the matter cannot be resolved internally through the first three steps, then parties shall proceed in the matter described in the Fourth step.

> Fourth: In the event the dispute thereby shall not have been satisfactorily settled, the matter may, within five (5) working days, then be appealed to an impartial umpire to be appointed by mutual agreement of the parties hereto. The decision of the umpire shall be final. The Employer and the Union shall pay the expense and salary incident to the services of the umpire jointly.

[ECF No. 1 at Ex. 1, CBA Art XII].

Plaintiffs allege they have not been paid for the contractually required pre-roll call time since at least January 1, 2009 [ECF No. 1 at 8] in violation of the FLSA. In addition, and related to this claim, Plaintiffs allege that at a May 14, 2014 meeting regarding this law suit Defendants' counsel stated that, "he reviewed the payroll records and that the Defendants would be required to pay to the Plaintiffs the sum of $250,000.00 in back pay pursuant to this FLSA lawsuit and that Defendants would recover the same amount from the employees through collective bargaining." [ECF No. 13 at 3]. Plaintiffs characterize this statement as retaliatory in their Complaint [ECF No. 1 at 11]. We believe that argument is a "stretch."

Defendants assert that the roll call hours and related claim for payment in question are governed by the CBA between Plaintiffs and Defendants [ECF No. 13 at 4], and the terms of

4

grievance resolution under the CBA should dictate how the parties "litigate" to a remedy. Plaintiffs disagree with Defendants that the CBA covers the wage issue and remedy but rather assert that the FLSA applies and federal law can only be interpreted in a court of law and not by an arbitrator.

## III. Legal Analysis.

Defendants seek dismissal of this case which hinges on the issue of whether the CBA contains terms that govern the issue of unpaid wages under the FLSA. Namely, whether the roll call as stipulated in the CBA should be resolved through an arbitration process as described in the CBA or in a court of law.

The Fair Labor Standards Act provides the following:

(b) Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, such as attending **roll call**, writing up and completing tickets or reports, and washing and re-racking fire hoses. (*emphasis added*)

29 C.F.R. § 553.221 ("Compensable hours of work")

It is undisputed that this provision of the FLSA covers the employee Plaintiffs. Relying on this provision the Plaintiffs assert, "It is disingenuous for Defendants to suggest that Plaintiffs should file a grievance under the terms of the Collective Bargaining Agreement when the Collective Bargaining Agreement contains the unlawful provision denying payment for time spent during mandatory roll call. Plaintiffs' only recourse to enforce their rights under federal law is to file suit in federal court." [ECF No. 18 at 4]. In this case, we agree with the Plaintiffs.

5

Current case law certainly supports the principle that the use of arbitration, where applicable, is appropriate where issues arise under the FLSA.

> While Congress is free to mandate that actions arising under particular statutes be heard in a judicial, as opposed to an arbitral, forum, there is little to suggest that Congress intended to exempt FLSA claims from the requirements of the [Federal Arbitration Act] FAA. Therefore, agreements to arbitrate FLSA claims are enforceable pursuant to the FAA. Id. at *4.

"Thus, courts ordinarily defer to collectively bargained-dispute resolution procedures when the parties' dispute arises out of the collective bargaining process." Id. at 736. "The Third Circuit has articulated a 'strong presumption in favor of arbitration, ' holding that 'doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Tripp v. Renaissance Advantage Charter School, 2003 WL 22519433 (E.D. Pa) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).

> To reconcile the competing interests of a strong federal policy in favor of arbitration to settle disputes between employers and unions over provisions of a CBA with an individual employee's statutory rights under the FLSA, we held that "[FLSA] claims which rest on interpretations of the underlying collective bargaining agreement must be resolved pursuant to the procedures contemplated under the [Labor Management Relations Act] LMRA, specifically grievance, arbitration, and, when permissible, suit in federal court."

Bell v. Se. Pennsylvania Transp. Auth., 733 F.3d 490, 494 (3d Cir. 2013)

Our Court is tasked with determining whether the Plaintiffs FLSA issue is covered under the terms of the relevant Collective Bargaining Agreement. The threshold question of whether a dispute is arbitrable is a matter properly decided by this court. See AT& T Techs., Inc. v. Communications Workers of Am., 475 U.S. 643, 649 (1986); see also Smith v. Cumberland Group, Ltd., 455 Pa. Super. 276, 687 A.2d. 1167, 1171 (1997). Under Pennsylvania Law, the question of "whether a party agreed to arbitrate a dispute is a jurisdictional question that must be

decided by a court." Smith, 687 A.2d at 1171. "Due to the 'federal policy in favor of arbitration,' however courts need only engage in a 'limited review' to ensure that a dispute is arbitrable." Tripp, 2003 WL 22519433 at 2 (quoting John Hancock Mut. Life Ins. Co. v. Olick 151 F.3d 132, 137 (3d Cir. 1998).

When a district court is asked to compel arbitration, its inquiry is two-fold: "(1) Did the parties . . . enter into a valid arbitration agreement? (2) Does the dispute between those parties fall within the language of the arbitration agreement?" Tripp, 2003 WL 22519433 at 2 (citing In re Prudential Ins. Co. of Am. Sales Practice Litig., 133 F.3d 225, 233 (3d Cir. 1998)). With regard to prong (1), it is undisputed that there is a valid CBA existing between Plaintiffs and Defendants. With regard to prong (2) while it is clear that the roll call procedure is included as a provision in the CBA and the provision requires employees to be present for 10 minutes of unpaid time before the roll call, there is no "*dispute*" between the parties on this issue. In this case both parties actually agree to the meaning of the roll call provision and its implementation. In other words, there has been no breach of the agreement.

The case of Bell v. Southeastern Pennsylvania Transportation Authority, 733 F.3d 490 (3d Cir. 2013) is analogous and instructive to our case. In the Bell case public transit vehicle operators brought a class action suit against the transit authority under the FLSA. They were seeking to recover unpaid wages and overtime compensation for work performed during morning "pre-trip" inspections. The District Court granted the transit authority's motion to dismiss, ruling that the FLSA claim was subject to the grievance and arbitration provisions of operators' collective bargaining agreement. The Operators appealed. The Third Circuit vacated and remanded because the Operators FLSA claim existed independently of any rights they *had under*

7

their respective CBAs. See id. at 495. We believe the same reasoning applies in this case. In the case at issue, the Plaintiffs claim they are not being compensated for 10-15 minutes of time before roll call, which is stipulated in the CBA. This alleged failure does not call for a resolution of the applicability of the contractual provisions of the CBA, but rather requires a review of the facts under the law of the FLSA. "[I]f an FLSA claim depends on the disputed interpretation of a CBA provision, an employee must first go to arbitration – through a representative union – before vindicating his or her rights in federal court under the FLSA." Id. at 494. Here we have no such situation as there is no dispute in interpretation of the CBA.

If the parties were to submit this case to arbitration for review of the CBA roll call provision, there would be no effect on the Plaintiffs' FLSA claim. The arbitrator "is hired to read the contract, determine the parties' mutual intent, and enforce the contract as written. See Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); Steelworkers v. Enterprise Wheel & Car Co., 363 U.S. 593 (1960). Accepting the facts alleged in the Complaint as true, the Plaintiffs are not being paid for compensable time at work. Though the arbitrator may find that a provision in the CBA provides for that scenario, it does not require the Plaintiffs to waive their right to statutory relief. See id. at 496. Based on our review of the case law, we find the case is properly before us and will deny the Motion to Dismiss as to Count I.

With regard to Plaintiffs' retaliation claim at Count II of the Compliant, Plaintiffs must satisfy three prongs to prove unlawful discriminatory retaliation under the FLSA (29 U.S.C. § 215(a)(3): (1) The plaintiff engaged in a protected activity; (2) the employer took adverse action against them either contemporaneously with or subsequent to the protected activity; and

(3) a causal connection existed between the activity and the employer's action. See Vargas v. General Nutrition Centers, Inc., 2011 WL 43020, *4 (W.D. Pa. Jan. 6, 2011); Dougherty v. Ciber, Inc., 2005 WL 2030473, *2 (M.D. Pa. July 26, 2006). In this case Plaintiffs engage in the protected activity of filing a Complaint, however, according to the Defendant's Reply Brief [ECF No. 19 at 6], the alleged threat made by Defendant's counsel was made eight (8) days before the filing of the Complaint and not subsequent to its filing. Furthermore, this Court finds it quite a stretch to determine that the threat of adverse action could be considered an action itself. In this case, where the Plaintiffs were not dissuaded by the alleged threat, and in fact filed their Complaint, there was no damage suffered by the alleged threat. This makes it difficult to find a causal connection between the filing of the Complaint and the "adverse employment action" of the threat. Based on this analysis the Court will dismiss Count II of the Complaint.

**IV. Conclusion.**

Because there is no breach or dispute of the Collective Bargaining Agreement at issue in this case, and because the claim is pursuant to the federal law of the Fair Labor Standards Act, this case is properly before this Court, and Defendant's Motion to Dismiss as well as Defendant's Motion to Stay as to Count I will be denied. However, because we find that Plaintiffs' have not satisfied the elements of a discriminatory retaliation claim under Section 215(a)(3) of the FLSA, Defendant's Motion to Dismiss as to Count II of the Complaint will be granted.

An appropriate Order follows.

September _8_, 2014

Maurice B. Cohill, Jr.
Senior District Court Judge