# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOYLE WHENRY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civ. No. 2:14-cv-667 |
| ) | |
| **BOARD OF COMMISIONERS, et al.,** ) | **Judge Maurice B. Cohill** |
| ) | |
| **Defendants.** ) | |

## OPINION

Pending before the Court is a Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 32] filed by Brian Beader, John Lechner, and Matthew B. McConnell who make up the Board of Commissioners of the County of Mercer (referred to collectively as the "Board" or "Defendants"). The Motion was filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs allege that Defendants are in violation of the law when they did not pay Plaintiffs for 10 minutes of required work time before roll-call. In their Motion to Dismiss, the Defendants assert that Plaintiffs have not filed a viable claim under the Fair Labor Standards Act ("FLSA") or the Pennsylvania Minimum Wage Act ("PMWA"). More specifically, the Defendants assert the type of claim filed by the Plaintiffs is not covered under the FLSA and furthermore political subdivisions such as the Board are not employers under PMWA. Therefore, Plaintiffs' claims are not plausible.

On May 22, 2014 Plaintiffs, fifty-seven (57) individuals, joined later by nine more individuals who consented to opt in (collectively referred to as "Plaintiffs"), filed a Complaint in Civil Action [ECF No. 1] under the Fair Labor Standards Act for unpaid wages for mandatory on-the-job time prior to roll call. Plaintiffs are all employed, or were formerly employed, as

corrections officers by Defendants [ECF No. 1 at 8]. The Complaint alleged at Count I, a Violation of Section 7(k) of the FLSA (29 C.F.R. § 553.221) and at Count II, Retaliation under the FLSA at 29 U.S.C. § 215(3) [ECF No. 1]. Defendants filed a Motion to Dismiss for lack of Subject Matter Jurisdiction or in the Alternative a Motion to Stay [ECF No. 12]. After this Court issued an Opinion granting in part and denying in part Defendants' Motion to Dismiss for Lack of Jurisdiction [ECF No. 21] and denying Defendants' Motion to Stay [ECF No. 21], the Defendants filed an Answer [ECF No. 23] and a Motion for Judgment on the Pleadings [ECF No. 24]. Plaintiffs filed a Motion for Leave to File an Amended Complaint [ECF No. 31] and leave was granted by the Court [ECF No. 30].

On October 31, 2014 Plaintiffs filed an Amended Complaint making Defendants' Motion for Judgment on the Pleadings moot, alleging the same Count I as in the original Complaint, a Violation of Section 7(k) of the FLSA (29 C.F.R. § 553.221), and added Count II a claim under the Pennsylvania Minimum Wage Act, 43 P.S. § 1367(a). In response, Defendants filed the Motion to Dismiss [ECF No. 3]} at issue here. The Plaintiffs filed a Brief in Opposition to the Motion to Dismiss [ECF No. 35] to which the Defendants filed a Reply [ECF No. 39].

**I. Standard of Review.**

In ruling on a Rule 12(b)(6) Motion for Failure to State a Claim upon which Relief can be granted, a court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)); (see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563, n.8 (2007)). A valid complaint requires only "a short

2

and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does, however, "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

"To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citing Twombly, 550 U.S. at 556). "Factual allegations [of a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "This [standard] 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556). Thus, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citation omitted).

The Supreme Court in Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. See 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips, 515 F.3d at 232 ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim

3

rests.") (citing Twombly, 550 U.S. at 555 n. 3 (2007)). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Finally, if the court decides to grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6), the court must next decide whether leave to amend the complaint must be granted. As explained in Phillips, "We have instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." 515 F.3d 236 (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.2002)).

## II. Relevant Facts.

Plaintiffs were represented by Teamsters Local 250 for collective bargaining and are covered by a Collective Bargaining Agreement ("CBA") effective January 1, 2009 through December 31, 2012 [See CBA as Exhibit 1 to Complaint at ECF No. 1]. Though expired, it is undisputed that the parties continue to operate under the terms of this CBA. The CBA provides, "A daily mandatory roll call will be implemented and all employees are to report ten (10) minutes before their actual shift begins. This time will not be paid time and will not be used in the calculation of overtime." [ECF No. 1 at Ex. 1, CBA Art VII].

Plaintiffs allege they have not been paid for the contractually required pre-roll call time since at least January 1, 2009 [ECF No. 1 at 8] in violation of the FLSA. In addition, Plaintiffs assert that the practice of unpaid roll call as described above violates the Pennsylvania Minimum Wage Act. Defendants state that the FLSA provides a remedy for two types of claims in this context – unpaid overtime for work in excess of the regular work week or wages paid below the

4

minimum wage. Defendants assert that neither is the case here. In addition, Defendants assert that the Board is not subject to the law under PMWA. We agree with Defendants that the Plaintiffs' claim is not cognizable under the law.

### III. Legal Analysis.

Defendants seek dismissal of this case based on the letter of the law under FLSA and PMWA. Defendants assert that the applicable laws do not cover Plaintiffs' claims and therefore, as a matter of law, the claims should be dismissed.

#### a. FLSA

Plaintiffs' claim that the 10 minutes of required work time prior to roll call is compensable time under 29 C.F.R. § 553.221 ("Compensable hours of work") [ECF No. 29 at 13]. Section 553.221 reads as follows:

> Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities which are an integral part of the employee's principal activity or which are closely related to the performance of the principal activity, such as attending roll call, writing up and completing tickets or reports, and washing and re-racking fire hoses.

29 C.F.R. § 553.221

Defendants counter that Plaintiffs are not entitled to that pay under the FLSA and the applicable provisions are covered under 29 U.S.C. § 207: (1) The employer must pay overtime for hours worked in excess of the forty or forty-three hour work week[1] and (2) the employer must pay its employees at least the "minimum hourly wage for work performed." [ECF No. 34 at 4-5].

---

[1] A public employer may qualify for a higher overtime threshold for those employees who work in law enforcement due to the unpredictable and long hours these vocations require [ECF No. 34 at 5, 6].

5

(k) Employment by public agency engaged in fire protection or law enforcement activities

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—

**(2)** in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in clause **(B)** of paragraph (1)) bears to 28 days,

compensation at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C.A. § 207 (West)

Therefore, in this case, employees are only eligible for overtime pay if their work exceeds forty-three (43) hours in a given work period based on the typical hours for a typical tour of duty as established by work practice. The Plaintiffs did not claim overtime for any of the individually named Plaintiffs.

Further, Defendants state that they are not in violation of the minimum wage requirement of FLSA because the Plaintiffs' pay was well above the federal minimum wage [ECF No. 34 at 9]. Defendants assert Plaintiffs were above minimum wage whether working a 40-hour work week or a 43-hour work week allowable for a tour of duty by the FLSA for their type of work [ECF No. 34 at 9].

This being said, Defendants assert that Plaintiffs are actually claiming "gap time" pay. "Gap time refers to time that is not covered by the overtime provisions because it does not exceed the overtime limit, and to time that is not covered by the minimum wage provisions because, even though it is uncompensated, the employees are still being paid a minimum wage when their

salaries are averaged across their actual time worked." Davis v. Abington Mem. Hosp., 765 F.3d 236, 243 (3d. Cir. 2014) (citing Adair v. City of Kirkland, 185 F.3d 1055, 1062 n. 6 (9th Cir. 1999)). Defendants state the Third Circuit has taken the position that "[c]ourts widely agree that there is no cause of action under the FLSA for 'pure' gap time wages – that is, wages for unpaid work during pay periods without overtime." Davis, 765 F.3d at 244.

Plaintiffs' response to Defendants' argument is that they are not alleging a cause of action for overtime or for pure gap time pay. Plaintiffs simply allege a straight minimum wage argument for time worked. Namely, that the FLSA requires that minimum wage be paid for all hours worked [ECF No. 36 at 4]. Plaintiffs' claim that they are being paid below minimum wage for roll call because they are being paid nothing for that 10 minutes of time spent every day prior to roll call [ECF No. 36 at 5]. Furthermore, because the Plaintiffs are hourly employees, not salaried employees, FLSA requires that they receive payment for all hours actually worked [ECF No. 36 at 6].

Though Plaintiffs have clarified their claim as simply a minimum wage claim, our task is to determine whether the claimed time should be considered "gap time" and reviewed under that analysis or whether we should apply the minimum wage law under the FLSA to the facts of this case. Any arguments made by Defendants regarding overtime pay are moot.

It is our understanding that the Plaintiffs in this case are or were employed as corrections officers receiving hourly wages of varying rates well above minimum wage. Therefore, the issue in this case boils down to whether the employees are entitled to minimum wage for the 10 minutes in which they contractually agreed to work without pay, or do those 10 minutes of pay get absorbed into their total pay because it is considered "gap time" and they simply need to be

7

paid at minimum wage for all hours worked. Defendants assert that if a calculation were performed to determine whether Plaintiffs were making minimum wage for total hours worked including the additional 10 minutes of roll call that the employees would still be making at least minimum wage and the employer would still be in compliance with the FLSA.

The parties have provided two Third Circuit cases which we find on point with our issue and instructive in this case. The first case is Rosano v. Township of Teaneck, 754 F.3d 177 (3d Cir. 2014) in which Plaintiffs, police officers, filed a suit *inter alia* because they were not compensated for time spent attending daily roll calls. See id. at 182-83. Teaneck argued that Plaintiffs were compensated for this "muster time" as a component of their base salaries. See id. at 190. As basis for this argument they relied upon the negotiated collective bargaining agreement, which provided that the muster time would be unpaid. See id. The Third Circuit agreed with Teaneck and found that Plaintiffs failed to make a case that the pre- and post-roll call time was uncompensated. We acknowledge, "The FLSA establishes federal minimum-wage, maximum hour and overtime guarantees that cannot be modified by contract." Genesis Health Care Corp. v. Symczyk, - US -, 133 S. Ct. 1523, 1527 (2013). However, "Although federal law governs the construction of a collective bargaining agreement ("CBA"), traditional rules of contract interpretation apply when not inconsistent with federal labor law." Rosano, 754 F.3d at 190. The Third Circuit found the CBA not inconsistent with federal law because they found the uncompensated time to have been negotiated between the parties and included as part of their salaries and met minimum wage requirements.

The second case, perhaps even more persuasive than Rosano, is Davis v. Abington Memorial Hospital, 765 F.3d 236 (3d Cir. 2014). In this case healthcare workers brought a collective class

8

action against their employers for *inter alia* "Unpaid Pre- and Post-Schedule Work Policy." Id. at 239. Namely, they sought to recover wages for uncompensated hours worked that "fall between the minimum wage and the overtime provisions of the FLSA." Id. at 243. This scenario is similar to Plaintiffs in this case who are not claiming overtime and who receive pay greater than minimum wage. There is a "clear weight of authority [which holds] that pure gap time claims – straight time wages for unpaid work during pay periods without overtime – are not cognizable under the FLSA, which requires payment of minimum wages and overtime wages only." Id. at 244. The Third Circuit in Davis followed the weight of authority as we will in this case.

The argument of Plaintiffs is that they are not being paid for hours worked according to the FLSA provision which states, "Compensable hours of work generally include all of the time during which an employee is on duty on the employer's premises or at a prescribed workplace, as well as all other time during which the employee is suffered or permitted to work for the employer. Such time includes all pre-shift and post-shift activities . . ." 29 C.F.R. § 553.221. However, this provision of the FLSA cannot be read in a bubble. We must take into account other applicable provisions of the FLSA and the laws intended purpose. The FLSA seeks to protect employees by providing rules under which an employee must be paid minimum wage or is eligible for overtime pay. Plaintiffs do not allege they are owed overtime pay, but do seek to be compensated for time spent in roll call that was contractually agreed to as uncompensated. The facts of this case do not lend themselves to the protections of the FLSA.

Plaintiffs are or were compensated at well-above the minimum wage on an hourly basis. The uncompensated time sought was 10 or at most 15 minutes a day before roll call. The Plaintiffs

9

have not alleged that the calculation of this additional pay would equate to their being paid below minimum wage overall. Defendants assert that Plaintiffs, given the additional 10 minutes compensated time, would not fall below minimum wage at the 40 or 43 hour/week thresholds provided in FLSA for both non-exempt and exempt employer scenarios. Therefore, the policy behind the FLSA that all employees receive minimum wage for hours worked is fulfilled in this case. Given these facts and the fact that Plaintiffs and Defendants negotiated this term into their CBA, it would be logical for us to conclude, as the Court did in Rosano, that the Plaintiffs higher rate of pay was considered when inserting this unpaid time into the terms of the Agreement.

Construing the facts of this case in a light most favorable to Plaintiffs, we do not find that there is a plausible legal claim under the provisions of the FLSA.

### b. PMWA

Plaintiffs allege that failure to pay them for uncompensated time before roll-call violates the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101. As such, Plaintiffs are entitled to reasonable attorneys' fees and costs of this action. Id. at § 333.113. This provision of the Pennsylvania Statues provides for the minimum wage for specific years.

> (a.1) If the minimum wage set forth in the Fair Labor Standards Act of 1938 (52 Stat. 1060, 29 U.S.C. § 201 et seq.) is increased above the minimum wage required under this section, the minimum wage required under this section shall be increased by the same amounts and effective the same date as the increases under the Fair Labor Standards Act, and the provisions of subsection (a) are suspended to the extent they differ from those set forth under the Fair Labor Standards Act.

43 Pa. Cons. Stat. Ann. § 333.104 (West)

Defendants argue here that the definition of Employer under this Act does not include municipal corporations or political subdivisions [ECF No. 34 at 12]. "(g) **'Employer'** includes any individual, partnership, association, corporation, business trust, or any person or group of

persons acting, directly or indirectly, in the interest of an employer in relation to any employe." Pa. Stat. Ann. § 43 P.S. § 333.103 (West). Plaintiffs disagree stating there is no precedential cases denying a cause of action for public employees under the PMWA [ECF No. 36 at 8].

We decline to rule on this argument as our finding under the FLSA makes this issue moot. We have determined that the Plaintiffs are paid above minimum wage taking into account all hours worked including the "uncompensated" pre-roll call time. Therefore, a claim under Pennsylvania Law seeking payment of minimum wage for Plaintiffs cannot stand.

**IV. Conclusion.**

Because there is no applicable provision of the Fair Labor Standards Act or the Pennsylvania Minimum Wage Act that covers Plaintiffs claim, Defendant's Motion to Dismiss will be granted as to Counts I and II of Plaintiffs' Amended Complaint [ECF No. 31]. The Court does not grant leave to amend in this case as it considers, given the facts as presented in the pleadings, that the law cannot apply in this situation and any attempt at amending the Complaint would be futile.

An appropriate Order follows.

February 5, 2015

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

11